UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALIA LOPEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. 1:24-cv-00342-CDB  (SS)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF COURT TO ISSUE SUMMONS, SCHEDULING ORDER, AND CONSENT OR REQUEST FOR REASSIGNMENT DOCUMENTS<br><br>(Docs. 2, 4) |

       Plaintiff Orallia Lopez ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (Doc. 1).  Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* (or "IFP") pursuant to 28 U.S.C. § 1915.  (Doc. 2).  Plaintiff's application did not contain sufficient information for the Court to determine whether Plaintiff is entitled to proceed IFP, and on March 25, 2024, the Court ordered Plaintiff to file a long-form IFP application.  (Doc. 3).  On March 27, 2024, Plaintiff filed a long-form IFP application.  (Doc. 4).  Upon review of the long-form IFP application, and the pleadings in her complaint, the Court grants Plaintiff's application to proceed *in forma pauperis*.

**I.    Proceeding *in forma pauperis***

      In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an

affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process") (emphasis added). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to her poverty, she is unable to pay the costs and still be able to provide herself and her dependents with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

**II.      Screening Requirement**

When a party seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.     Pleading Standards**

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982). The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678. When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. (*Id.*) The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Discussion and Analysis**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1). The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Plaintiff alleges the Appeals Council issued a notice denying a request for review of the

3

decision on February 1, 2024, after which Plaintiff had 60 days, plus five days for delivery by mail, to file a civil action. (Doc. 1 ¶ 2). Thus, Plaintiff's complaint is timely. Plaintiff states that she resides in Fresno, California, County of Fresno. *Id.* at ¶ 4. Therefore, the Court has jurisdiction over this action.

### A.   Plaintiff's IFP Application

In assessing whether an applicant's income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Boulas v. United States Postal Serv.*, No. 1:18-CV-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018); *Calderon v. Commissioner of Social Security*, No. 1:22-CV-00890-SAB, 2022 WL 3088494, at *1 (E.D. Cal. July 27, 2022); *Trimm v. Commissioner of Social Security*, No. 1:22-CV-00663-BAM, 2022 WL 2239701, at *1 (E.D. Cal. Jun. 6, 2022) (collecting cases). The 2023 Poverty Guidelines for the 48 contiguous states provide that the poverty threshold for a household of two is $20,440.[1]

In the long-form application, Plaintiff represents that her husband's monthly income is $4,160.00. (Doc. 4 at 1-2). Plaintiff represents her family has $168.00 in a checking account and $16,605.85 in a 401K. *Id.* at 2. Plaintiff states her family owns a Toyota Corolla 2014 valued at $5,600.00, and a Liberty Jeep 2009 valued at $1,399.00. *Id.* at 3.

Plaintiff claims monthly household expenses of approximately $4,066.00 which is slightly below her family's monthly income. *Id.* at 4-5. Specifically, Plaintiff claims $1,550 in rent/home mortgage payments, $800 for utilities, and $850 for food. *Id.* at 4. Plaintiff asserts that she spends $175 on clothing and laundry, $100 on medical and dental expenses, and $110 on motor vehicle insurance payments. *Id*. In addition, Plaintiff notes she has installment payments (credit card, department store, etc.) in the amount of $506 per month. *Id*.

The completed long-form application reflects that Plaintiff's income is well above the poverty line, but her monthly joint income is slightly above her estimated expenses. Plaintiff asserts she has difficulty paying any bills and has difficulty affording her medication. Plaintiff's estimated

---

[1] *See* HHS Poverty Guidelines for 2024 https://aspe.hhs.gov/poverty-guidelines (last visited March 28, 2024).

expenses do not appear exorbitant or implausible. While Plaintiff does not appear to be destitute, Plaintiff's long-form application suggests that her financial situation is fragile enough that payment of the $402.00 filing fee would have an adverse impact on her necessities of daily life.

**V.      Conclusion and Order**

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits and her IFP application also demonstrates that she cannot pay the filing fee without negatively affecting her necessities of daily life.

ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (Docs. 2, 4) is GRANTED. The Clerk of Court is directed to issue the following: 1) a Summons; 2) the Scheduling Order; 3) the Order re Consent or Request for Reassignment; and 4) a Consent to Assignment or Request for Reassignment form.

IT IS SO ORDERED.

Dated:   **March 28, 2024**                              _____
                                                                            UNITED STATES MAGISTRATE JUDGE